**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**January 6, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

KESTERS MERCHANDISING
DISPLAY INTERNATIONAL, INC.,

    Plaintiff - Appellant,

v.

SURFACEQUEST, INC.,

    Defendant - Appellee.

No. 24-3112

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 2:21-CV-02300-EFM)**
_____

Teresa M. Young, Baker Sterchi Cowden & Rice, St. Louis, Missouri
(James S. Kreamer and Megan R. Stumph-Turner, Baker Sterchi Cowden &
Rice, Kansas City, Missouri, with her on the briefs), for Appellant.

Brian L. White (J. Philip Davidson, Amy M. Decker, and Ashley N. Jarmer
with him on the briefs), Hinkle Law Firm, Wichita, Kansas, for Appellee.
_____

Before **MATHESON**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

**BACHARACH**, Circuit Judge.
_____

    This appeal involves the use of photographs to advertise. In the

advertisements, one manufacturer allegedly marketed its products with

photographs of a competing product. The alleged marketing efforts spurred claims of false advertising under the Lanham Act.[1]

For these claims, the plaintiff must show that the defendant caused an injury, which may be presumed or actual. At issue here is whether the evidence would allow a reasonable fact-finder to infer an injury. We answer *no* because injury isn't presumed and the plaintiff has not presented evidence of an actual injury.

## I.    SurfaceQuest markets its products with photographs of Kesters' products.

This case involves competition between two manufacturers of material for lightweight construction. One competitor (Kesters Merchandising International, Inc.) sells a product called *MicroLite*, which is a lightweight, seamless material used in architectural products. The other competitor (SurfaceQuest, Inc.) mainly sells architectural film that goes on surfaces like MicroLite.

In about 2014, Kesters and SurfaceQuest jointly marketed MicroLite samples wrapped in SurfaceQuest film. To market the samples, Kesters supplied SurfaceQuest with products, specification guides, and photographs of Kesters' products. SurfaceQuest then applied its film to the products.

---

[1]    Other claims involved unjust enrichment and unfair competition. But these claims aren't at issue here.

Roughly two years later, SurfaceQuest decided to sell and market its own lightweight beam wrapped in SurfaceQuest film. These marketing efforts included advertisements using photographs of MicroLite.

## II.    SurfaceQuest obtains summary judgment.

In district court, Kesters sued for false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), claiming that SurfaceQuest had

- used photographs of MicroLite,

- published a video characterizing MicroLite as SurfaceQuest's product,

- published images from a grocery store renovation and misrepresented them as depicting SurfaceQuest products,

- placed a SurfaceQuest sticker on a MicroLite binder and falsely represented to a Kesters customer that SurfaceQuest had manufactured MicroLite,

- put a SurfaceQuest sticker on a MicroLite sample and falsely told Kesters customers that SurfaceQuest had invented MicroLite, and

- allowed a SurfaceQuest dealer to advertise with an image of MicroLite.

Both parties moved for summary judgment on Kesters' claim under the Lanham Act. The district court granted SurfaceQuest's motion and denied Kesters'.

**III.  We conduct de novo review based on the standard for summary judgment.**

We conduct de novo review, applying the standard that governed in district court. *Cypert v. Indep. Sch. Dist. No. 1-050 of Osage Cnty.*, 661 F.3d 477, 480 (10th Cir. 2011). Under this standard, the district court needed to grant summary judgment if a party had shown the absence of a genuine dispute of material fact and an entitlement to judgment as a matter of law. *Est. of Harmon v. Salt Lake City*, 134 F.4th 1119, 1122 (10th Cir. 2025). Because both parties moved for summary judgment, we separately review their motions in the light most favorable to the non-moving parties. *United States v. Sup. Ct. of N.M.*, 839 F.3d 888, 906–07 (10th Cir. 2016).

**IV.  Kesters needed to establish an injury.**

The district court granted summary judgment to SurfaceQuest based on the lack of an injury. Kesters challenges this ruling, but acknowledges that it needed to prove an injury. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 133, 140 (2014) (requiring proof of an injury under the Lanham Act). That injury needed to involve a direct diversion of sales or a loss of goodwill. *Bimbo Bakeries USA, Inc. v. Sycamore*, 29 F.4th 630, 644 (10th Cir. 2022).

**V.  Injury isn't presumed.**

In district court, SurfaceQuest contended that Kesters hadn't presented evidence of an injury. In response, Kesters asserted that the

district court should presume an injury. A presumption exists when the plaintiff proves that

- the "defendant has falsely and materially inflated the value of its product (or deflated the value of the plaintiff's product)" and

- the "plaintiff and defendant are the only two significant participants in a market or submarket."

*Vitamins Online, Inc. v. Heartwise, Inc.*, 71 F.4th 1222, 1240 (10th Cir. 2023).

Kesters argues on appeal that the district court should have presumed injury based on the use of literally false advertisements in a limited market. For the sake of argument, we can assume that SurfaceQuest's advertisements were literally false.[2] Even with this assumption, however, Kesters failed to create a genuine dispute of material fact regarding the presence of a limited market.

Kesters points out that the presumption may apply to a sparsely populated market even if more than two competitors exist. But a market is sparsely populated only when the other participants are insignificant. *Id.* at 1240 & n.6. Otherwise, the court can't assume that the plaintiff's lost sales would go to the defendant. *Id.*

---

[2]    We can also assume, without deciding, that the use of literally false advertisements would satisfy the first requirement for an injury. *Vitamins Online*, 71 F.3d at 1240.

5

In district court, SurfaceQuest showed the existence of multiple competitors; and Kesters failed to respond with any argument or evidence about their insignificance. But on appeal, Kesters insists that it did present such evidence, pointing to an affidavit by Mr. Jacob Walters that accompanied a reply brief supporting Kesters' own motion for summary judgment. Kesters didn't mention this affidavit when responding to SurfaceQuest's motion for summary judgment and failed to include the affidavit in the exhibits accompanying the response. So the district court didn't mention the affidavit when ruling on SurfaceQuest's motion for summary judgment.

Kesters argues that the district court should have considered the affidavit when ruling on SurfaceQuest's motion. But this argument reflects a misunderstanding of the district court's obligation when ruling on cross-motions for summary judgment. When both parties seek summary judgment, the District of Kansas treats the motions separately. *See United States v. Davison*, 768 F. Supp. 3d 1324, 1329 (D. Kan. 2025) (explaining that "[c]ross summary judgment motions should be evaluated as two separate motions"); *see also Banner Bank v. First Am. Title Ins. Co.*, 1916 F.3d 1323, 1326 (10th Cir. 2019) ("Cross-motions for summary judgment are treated as two individual motions for summary judgment and are held to the same standard . . . ."). So the district court didn't err by separately considering each motion.

6

Granted, the district court can consider both motions in the same hearing or rule on them together in the same order. *See EEOC v. UPS Ground Freight*, 443 F. Supp. 3d 1270, 1276 (D. Kan. 2020) (stating that the court can address "the legal arguments together" when cross-motions for summary judgment overlap). But the district court must separately consider each motion on its own. *Banner Bank*, 916 F.3d at 1326. So the district court appropriately decided SurfaceQuest's motion based on all of the evidence presented in connection with that motion. The Walters affidavit didn't appear anywhere in that evidence.

Even if we were to consider the evidence that Kesters presented in support of its own motion, however, that evidence wouldn't include the Walters affidavit. Kesters presented the affidavit for the first time in a reply brief. But that brief was too late. *See Lowther v. Child. Youth & Fam. Dep't*, 101 F.4th 742, 759 (10th Cir. 2024) ("Our case law forbids the district court from relying on new arguments or materials to decide a summary judgment motion unless the opposing party is provided an opportunity to respond." (quoting *Geddes v. United Staffing All. Emp. Med. Plan*, 469 F.3d 919, 928 (10th Cir. 2006))); *see also Modaine v. Am. Drug Stores, Inc.*, 408 F. Supp. 2d 1169, 1203 (D. Kan. 2006) ("The Court will not consider new arguments in a party's reply brief.").

Even if we were to consider the affidavit, however, it would not create a genuine dispute of material fact on a presumption of injury. That

presumption would be available only if Kesters and SurfaceQuest had been the only significant participants in the market. *See* p. 5, above. To determine the scope of the market, we examine "cross-elasticity of demand," which measures the substitutability of products. *Vitamins Online*, 71 F.4th at 1240. "A high cross-elasticity of demand indicates that products are substitutes; a low cross-elasticity of demand indicates that the products are not substitutes and, as a result, do not compete in the same market." *Id.* (quoting *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 762 F.3d 114, 1120 (10th Cir. 2014)).

Kesters concedes that the Walters affidavit didn't address cross-elasticity of demand. Oral Arg. at 8:28–8:54. To the contrary, the affidavit addressed only similarities between the products made by Kesters and SurfaceQuest. But these similarities didn't necessarily affect the ability to substitute products. *See Telecor Commc'ns, Inc. v. Sw Bell Tel. Co.*, 305 F.3d 1124, 1132 (10th Cir. 2002) (stating that "[r]easonable interchangeability does not depend upon product similarity"). So a single market may include companies making dissimilar products. *See Vitamins Online*, 71 F.4th at 1241 (stating that multiple manufacturers will often "make up a relevant market, even if there are differences between the manufactured products").

Because Kesters did not present any evidence or arguments as to cross-elasticity of demand, the factfinder couldn't limit the significant

participants to Kesters and SurfaceQuest. So the district court couldn't presume an injury to Kesters.

## VI.    No evidence exists of an actual injury.

Because the court couldn't presume an injury, Kesters needed to show an actual injury from SurfaceQuest's deceptive advertising. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 133 (2014).

Kesters alleges an actual injury by losing a chance to sell items to a store called *Hy-Vee*. In 2021, Hy-Vee sought bids for separate projects involving the beauty departments, produce departments, and health markets. Kesters successfully bid for this work and completed the projects for the beauty and produce departments. But Kesters lost the bid for the health markets and attributes the loss to SurfaceQuest's false advertising.

The Lanham Act protects against actual injuries in the form of lost profits. *See id.* at 134 (concluding that the plaintiff's lost sales were cognizable under the Lanham Act). But Kesters must prove "a causal connection" between SurfaceQuest's false advertising and an actual injury. *Vitamins Online*, 71 F.4th at 1238; *see also Lexmark Int'l, Inc.*, 572 U.S. at 133 (concluding that the plaintiff ordinarily must show injury "flowing directly from the deception wrought by the defendant's advertising").

Kesters didn't present evidence that it had lost a bid for Hy-Vee as a result of SurfaceQuest's false advertisements. For example, Kesters presented no evidence that

- SurfaceQuest had obtained the Hy-Vee projects that Kesters allegedly lost;

- SurfaceQuest had shown its marketing materials to Hy-Vee; or

- Hy-Vee had seen any of SurfaceQuest's marketing materials.

Absent such evidence, the district court couldn't reasonably infer a causal connection between SurfaceQuest's false advertising and Kesters' loss of the bid.

Because Kesters did not provide any evidence of an injury from false advertising, SurfaceQuest was entitled to summary judgment on the element of an actual injury.

## VII. The award of summary judgment to SurfaceQuest renders Kesters' motion moot.

Like SurfaceQuest, Kesters moved for summary judgment on its claim under the Lanham Act. We've concluded that the district court didn't err in granting summary judgment to SurfaceQuest on this claim. That conclusion moots Kesters' argument that it should have obtained summary judgment. We thus affirm the denial of Kesters' motion. *Murray ex rel. Murray v. Montrose Cnty. Sch. Dis. RE-1J*, 51 F.3d 921, 931 (10th Cir. 1995).

* * *

Viewed in the light most favorable to Kesters, the evidence does not support the existence of an injury. So the district court didn't err in

10

granting summary judgment to SurfaceQuest on the claim of false advertising. This ruling rendered Kesters' motion moot.

Affirmed.